**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4211**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOSE ANTONIO MOROZUMI, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00054-LHT-1)

Submitted:  February 5, 2009          Decided:  February 17, 2009

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, LAW OFFICES OF DAVID B. BETTS, Columbia, South Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Jose Antonio Morozumi, Jr., was convicted of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court imposed a sentence of 235 months of imprisonment. Morozumi challenges his conviction on the ground that the district court erred in admitting evidence of other acts of misconduct under Fed. R. Evid. 404(b). Finding no error, we affirm.

The conduct charged in the indictment related to the discovery of 50.1 grams of a mixture containing methamphetamine at Morozumi's residence on May 8, 2007. The Government sought to introduce evidence of prior uncharged criminal activity and conduct to prove Morozumi's intent and knowledge. This evidence consisted of testimony regarding a controlled buy in which a police informant purchased methamphetamine from Morozumi in December of 2006; testimony of officers who stopped Morozumi in April of 2007 and seized $18,000; and evidence of a prior arrest in October of 2005 after which Morozumi admitted to officers that he had been selling methamphetamine for about six months. Morozumi moved to exclude the evidence under Rule 404(b) as improper character evidence. The district court denied the motion.

On appeal, Morozumi argues that the district court erred in admitting the evidence of his prior bad acts. This court reviews a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citations omitted). Evidence of other crimes, wrongs, or acts is not admissible to prove bad character or criminal propensity but is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake . . . ." Fed. R. Evid. 404(b); Queen, 132 F.3d at 994-95. Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).

Evidence of prior acts is admissible if it is "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (citing Queen, 132 F.3d at 997). Additionally, the probative value of the evidence must not be

substantially outweighed by its prejudicial effect. <u>Id.</u> (citing Fed. R. Evid. 403).

Morozumi argues that the prior bad acts admitted in this case were not relevant to an issue other than general character and were not necessary to prove an element of the offense. Considering the entirety of the evidence, however, we conclude that the district court did not abuse its discretion in admitting the evidence.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>